# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JASON FITTRO,**
**Claimant Below, Petitioner**

**FILED**
**April 25, 2019**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0647** (BOR Appeal Nos. 2052367 & 2052388)
(Claim No. 2017020639)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jason Fittro, by J. Thomas Greene Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Murray American Energy, Inc., by Aimee M. Stern and Denise D. Pentino, its attorneys, filed a timely response.

The issue on appeal is the closure of the claim for temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on April 28, 2017. The Office of Judges affirmed the decision in two Orders dated November 28, 2017, and December 15, 2017. The Orders were affirmed by the Board of Review on June 15, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fittro, a coal miner, was injured in the course of his employment on February 7, 2017. A treatment note by Amanda Del Sordo, PA-C, the following day, indicates Mr. Fittro was seen for left knee pain, swelling, and instability. Ms. Sordo diagnosed left knee sprain. Mr. Fittro followed up with Chad Micucci, M.D., on February 21, 2017. Dr. Micucci diagnosed left knee medial collateral ligament sprain. He prescribed a brace and physical therapy. Mr. Fittro was taken off of work until May 14, 2017. The Employee's and Physician's Report of Injury was completed on February 23, 2017. It indicates Mr. Fittro injured his left knee when he exited a shuttle car to check a cable, stepped in a rut, and twisted his knee. The diagnosis was listed as left knee sprain.

1

Mr. Fittro was surveilled on March 3, 2017, and March 4, 2017. At that time, he was at an all-terrain vehicle race with his sons. The footage shows Mr. Fittro walking on uneven ground, running, pushing all-terrain vehicles, and lifting an all-terrain vehicle.

On March 14, 2017, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he found that Mr. Fittro had reached maximum medical improvement for his compensable knee sprain. He found no range of motion abnormalities in the left knee. Dr. Mukkamala opined that Mr. Fittro required no further treatment or diagnostic studies and assessed 0% impairment. Mr. Fittro returned to Dr. Micucci five days later and indicated that he was still having trouble straightening his knee. The diagnoses were left knee pain and medial collateral ligament sprain. Dr. Micucci recommended an MRI.

On March 20, 2017, the claim was held compensable for left knee sprain. Temporary total disability benefits were granted from February 21, 2017, through March 16, 2017. In a separate decision that day, the claims administrator also suspended further temporary total disability benefits based on Dr. Mukkamala's finding of maximum medical improvement.

A March 29, 2017, treatment note by Dr. Micucci indicates he diagnosed a medial collateral ligament sprain but could not rule out a meniscus tear. He opined that Mr. Fittro still needed physical therapy. If the pain persisted, he recommended an MRI. On April 3, 2017, Mr. Fittro presented for follow up. Dr. Micucci noted that he was unable to get an MRI because of metal in his neck. Mr. Fittro had started physical therapy and had seen 50% improvement in four sessions. Mr. Fittro reported increased range of motion and more stability. On April 28, 2017, the claims administrator closed the claim for temporary total disability benefits.

Mr. Fittro returned to Dr. Micucci on May 1, 2017. Dr. Micucci stated that physical therapy had improved the knee 75-80%. Mr. Fittro still had knee pain with swelling. Dr. Micucci opined that since there was swelling in the knee, there was likely some pathology. Since Mr. Fittro was unable to undergo an MRI, Dr. Micucci recommended diagnostic arthroscopy. The claims administrator denied the request for arthroscopy on May 23, 2017. Dr. Micucci performed the arthroscopy on June 15, 2017. His post-operative note indicates diagnoses of medial meniscus tear, lateral meniscus tear, partial anterior cruciate ligament tear, and early arthritis.

In an August 8, 2017, addendum, Dr. Mukkamala opined that the left knee arthroscopy performed by Dr. Micucci was not necessary treatment for the compensable left knee sprain. Dr. Mukkamala found that the medical evidence indicates Mr. Fittro sustained a left knee sprain as a result of the compensable injury. When Dr. Micucci performed the arthroscopy, he found tears of the medial and lateral meniscus, a partial tear of the anterior cruciate ligament, and early arthritis. Dr. Mukkamala opined that the meniscus tears and anterior cruciate ligament tear were chronic, degenerative, and unlikely to be causally related to the compensable injury. He stated that if the conditions were injury related, the findings by Ms. Del Sordo would have been more obvious. Dr. Mukkamala further opined that the activities Mr. Fittro was seen performing on the surveillance footage were not consistent with someone who had recently sustained a medial meniscus tear, lateral meniscus tear, and partial anterior cruciate ligament tear. Dr. Mukkamala opined that the anterior cruciate ligament tear and meniscus tears were likely the result of degeneration.

2

Mr. Fittro testified in a deposition on August 10, 2017, that prior to the compensable injury, he was working full duty with no restrictions. He stated that he has been unable to return to work since the compensable injury occurred. He underwent unapproved surgery and is expected to return to work on August 22, 2017. Mr. Fittro testified that Dr. Micucci has not released him to return to work or said that he has reached maximum medical improvement. Mr. Fittro admitted to performing pit crew duties for his sons at an all-terrain vehicle race on the weekend of March 3, 2017. He stated that he did not sustain any additional injuries as a result of that weekend. He admitted that he stood an all-terrain vehicle up on its end, walked on uneven terrain, ran, and pushed all-terrain vehicles that weekend. Mr. Fittro asserted that he did what he had to do and that his knee still hurt that weekend.

The Office of Judges affirmed the claims administrator's closure of the claim for temporary total disability benefits in decisions dated November 28, 2017, and December 15, 2017. It found that Dr. Mukkamala's report offered the most persuasive evidence of maximum medical improvement for the compensable injury. The Office of Judges noted that the claims administrator held the claim compensable for left knee sprain. It found that Dr. Micucci stated that most medial collateral ligament injuries improve within four to eight weeks. Since Mr. Fittro had pain beyond that time frame, Dr. Micucci stated that he could not exclude the possibility of a meniscus tear. When Dr. Micucci performed surgery on the left knee, he did indeed find a medial meniscus tear, as well as a lateral meniscal tear and a partial tear of the anterior cruciate ligament. He also noted early arthritic changes. The Office of Judges found that there was no diagnosis update to include these conditions in the claim. Therefore, those conditions are not part of the claim and cannot be considered when assessing Mr. Fittro's need for temporary total disability benefits. Dr. Mukkamala's finding that Mr. Fittro had reached maximum medical improvement for the compensable left knee sprain was persuasive. The Office of Judges therefore concluded that the claim was properly closed for temporary total disability benefits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 15, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-7a (2005), temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. Dr. Mukkamala persuasively found that Mr. Fittro had reached maximum medical improvement for his compensable left knee sprain. The conditions that still render Mr. Fittro unable to return to work are not compensable in this claim. Temporary total disability benefits were therefore properly suspended.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison